| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
|---|
| Caption in Compliance with D.N.J. LBR 9004-2(c)<br><br>DEMBO, BROWN & BURNS LLP<br>By: KYLE F. EINGORN, ESQUIRE<br>1300 ROUTE 73<br>SUITE 205<br>MT. LAUREL, NJ 08054<br>(856) 354-8866<br>KEINGORN@DBBLEGAL.COM<br>ATTORNEYS FOR MCCORMICK 106, LLC |
| In re:<br><br>CHRISTINE McARTHUR,<br><br>       Debtor |

**Order Filed on May 8, 2018
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

Chapter 13
Case No. 17-35340-CMG
The Honorable Christine M. Gravelle, U.S.B.J.

## ORDER VACATING AUTOMATIC STAY

The relief set forth on the following page is hereby ORDERED.

**DATED: May 8, 2018**

_/s/ Christine M. Gravelle_
Honorable Christine M. Gravelle
United States Bankruptcy Judge

THIS MATTER having come before the Court on Motion of McCormick 106, LLC (the "Lender") seeking relief from the automatic stay and the court having considered any opposition filed in response thereto, hearing the arguments of counsel and for good cause having been shown;

It is hereby ORDERED as follows:

1. The Motion is hereby GRANTED.

2. The automatic stay pursuant to Section 362(a) of the Bankruptcy Code is vacated as to both the Debtor and any co-debtors protected under §1301 of the Bankruptcy Code to permit the Lender to pursue its rights as a secured creditor in the real property described below to the extent and in the manner provided by any applicable contract documents and non-bankruptcy law.

**Land and premises commonly known 616 Borrie Avenue, Brielle, New Jersey. Land and premises identified by the lot and block numbers set forth below on Official Tax Map of the Township of Brielle, County of Monmouth and State of New Jersey.**

| Block Number | Lot(s) Number |
|---|---|
| 19.01 | 4 |

3. This Order shall survive any conversion of this bankruptcy case to one filed under any other chapter under the Bankruptcy Code.

4. The Lender shall serve a copy of this order on the Debtor, the Trustee and any other party who entered an appearance on this Motion.

It is further ORDERED that movant may pursue any and all loss mitigation options with respect to the Debtor(s) or the real property described above, including but not limited to repayment agreement, loan modification, short sale or deed-in-lieu of foreclosure

2